UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MARK A. WRIGHT, *et al*, § | |
| § | |
| Plaintiffs, § | |
| § | |
| v. § | CIVIL ACTION NO. H-12-288 |
| § | |
| FEDERAL NATIONAL MORTGAGE § | |
| ASSOCIATION, A/K/A FANNIE MAE, § | |
| § | |
| Defendant. § | |

## MEMORANDUM AND ORDER

On March 26, 2012, the Court issued a Memorandum and Order denying Plaintiffs' Motion to Remand, and ordering that Defendant's Motion to Dismiss (Doc. No. 4) be converted into a summary judgment motion. The Court explained that it appeared from the face of the pleadings that Plaintiffs were precluded from bringing this case, and gave the parties an opportunity to submit summary judgment evidence on the limited issue of collateral estoppel. No evidence has been submitted, and the Court finds that summary judgment must be GRANTED for Defendant.

This case relates to a foreclosure on Plaintiffs' home, and Defendant Federal National Mortgage Association's ("Fannie Mae") subsequent efforts to evict Plaintiffs. Plaintiffs filed a petition in state court seeking injunctive relief and to quiet title (Doc. No. 1-C), which was removed to this Court on January 30, 2012. As the Court explained in its March 2012 Memorandum and Order, Plaintiffs' claims in this case are based on

the allegation that there was a "false, fraudulent and fictitious foreclosure sale" of Plaintiffs' home (Doc. No. 1-C at 5), and that Defendant therefore has no interest in the property. However, the core issue—whether the foreclosure on Plaintiffs' home was wrongful—has already been litigated by Plaintiffs before another court in this District. In an Order issued on December 5, 2011, Judge Hittner found that the foreclosure on Plaintiffs' home was not wrongful. *Wright v. BAC Home Loans Servicing*, Case No. 4:10-cv-3520, Doc. No. 39. That case was litigated against non-party Bank of America, not against Defendant Fannie Mae. *Id.*

Collateral estoppel, or issue preclusion, prevents a party from litigating an issue already raised in an earlier action between the same parties if: (1) the issue at stake is identical to the one involved in the earlier action; (2) the issue was actually litigated in the prior action; and (3) the determination of the issue in the prior action was a necessary part of the judgment in that action. *Petro–Hunt, L.L.C. v. United States*, 365 F.3d 385, 397 (5th Cir. 2004) (footnotes omitted) (citation omitted). Issue preclusion may apply even if the claims and the subject matter of the suits differ. *Next Level Commc'ns LP v. DSC Commc'ns Corp.*, 179 F.3d 244, 250 (5th Cir. 1999) (citation omitted). In addition, "[u]nlike claim preclusion, the doctrine of issue preclusion may not always require complete identity of the parties." *Id.* (citation omitted) (internal quotation marks omitted). But "[w]hile complete identity of all parties is not required, the party against whom the collateral estoppel would be applied generally must either have been a party, or privy to a party, in the prior litigation." *Vines v. Univ. of La. at Monroe*, 398 F.3d 700, 705 (5th Cir. 2005) (citing *Terrell v. DeConna*, 877 F.2d 1267, 1270 (5th Cir. 1989)).

Here, the issue at stake—whether there was a wrongful foreclosure on Plaintiffs' home—is identical to an issue decided by Judge Hittner. The issue was actually litigated in the prior action, and the determination was a necessary part of Judge Hittner's judgment. Plaintiffs do not dispute this. Moreover, the parties against whom collateral estoppel would be applied, the Plaintiffs, were parties in the prior litigation. Plaintiffs' argument that the Defendant in that suit was different is inapposite for the purposes of collateral estoppel.

The Fifth Circuit has held that "'generally a res judicata contention cannot be brought in a motion to dismiss; it must be pleaded as an affirmative defense.'" *Hall v. Hodgkins*, 305 F. App'x 224, 227 (5th Cir.2008) (quoting *Test Masters Educ. Servs. v. Singh*, 428 F.3d 559, 570 n. 2 (5th Cir. 2005)). However, the Fifth Circuit has clarified that there is no reversible error when the trial court treats a Rule 12(b)(6) motion based on res judicata as a motion for summary judgment. *Risby v. United States*, 2006 WL 770428, at *5 (N.D. Tex. Mar. 7, 2006) (citing *Moch v. E. Baton Rouge Parish Sch.*, 548 F.2d 594, 596 n. 3 (5th Cir. 1977)).

The Court proceeded with treating Defendant's motion as a motion for summary judgment, and allowed the parties to submit any evidence on the issue of collateral estoppel. Plaintiffs have filed a Motion for Rehearing (Doc. No. 12), urging, among other things, that Plaintiffs are disadvantaged by having to respond to a summary judgment motion without the opportunity to conduct discovery. However, Plaintiffs have not informed the Court of any evidence relevant to collateral estoppel that they would have or could have obtained through discovery. Plaintiffs' Motion for Rehearing also asks the

Court, at a minimum, to abate this case and delay consideration of the collateral estoppel argument on the basis that Judge Hittner's ruling is now on appeal to the Fifth Circuit. The Fifth Circuit has held that, "for purposes of res judicata, a judgment is treated as final even if it is on appeal." *Deere & Co. v. Johnson*, 67 F. App'x 253, at *1 (5th Cir. 2003) (citing *Prager v. El Paso Nat'l Bank*, 417 F.2d 1111, 1112 (5th Cir. 1969)). Plaintiffs have cited no case law supporting the argument that collateral estoppel should be treated any differently. Thus, the Court finds it appropriate to rule on the matter now, and concludes that Plaintiffs' claims in this case are precluded by Judge Hittner's earlier decision.

For the reasons discussed above, the Court finds that Defendant's Motion to Dismiss (Doc. No. 4), which the Court converted to a Motion for Summary Judgment, must be **GRANTED**. Plaintiffs' Motion for Rehearing (Doc. No. 12) is **DENIED**.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas on this the 9th day of April, 2012.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE